IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

01-60644
Summary Calendar
_____

HOLLAND E. BYNAM,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Appeal from a Decison of
the United States Tax Court
(8397-00)

_____

February 4, 2002

Before JOLLY, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[*]

Holland E. Bynam appeals an adverse determination by the United States Tax Court. On appeal, the only issue is whether a retired military officer -- who serves as an instructor in the Junior Reserve Officers' Training Corps (JROTC) -- can claim certain "qualified military benefits" as exclusions under 26 U.S.C.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

§ 134. We hold that Bynam is not entitled to such exclusions. Accordingly the tax court's judgment is affirmed.

I

Bynam entered the Army in 1957 as a lieutenant and retired 26 years later as a colonel. In August 1987, to supplement his retirement pay, Bynam began working as a JROTC instructor in the Houston Independent School District (HISD). Since 1987, Bynam has served continuously as an instructor or administrator of HISD's JROTC program.

In 1998 Bynam received retirement pay in the amount of $46,320. He also earned $50,997 as compensation for his work with the JROTC program. On his 1040 form -- as his total wages, salary, and tips -- Bynam entered $33,923 instead of $50,997. Bynam excluded $17,073 from his total wages because he was told that he was entitled to that much in military allowances. Bynam computed this amount in military allowances as if he were in active service.

Bynam then filed his 1040 along with a letter from the customer service department at the Internal Revenue Service that stated he was correct in deducting the military allowances from his gross income.

On May 4, 2000, the IRS issued Bynam a tax deficiency notice. The notice stated that Bynam owed $5,394 -- the tax due on the $17,073 in military allowances he excluded from his gross income. Bynam appealed the IRS's decision to the tax court. The tax court

ruled in favor of the IRS, holding that Bynam could not exclude military allowances from his gross income. Bynam appeals this decision.

II

The Tax Code defines gross income as "all income from whatever source derived." 26 U.S.C. § 61(a). The Code, however, also explicitly defines certain items as excluded from "gross income." See, for example, 26 U.S.C. § 101 (excluding certain death benefits). Qualified military benefits are excluded from gross income. 26 U.S.C. § 134(a). A qualified military benefit is "any allowance or in kind benefit which ... is received by any member or former member of the uniformed services of the United States ... by reason of such member's status or service as a member of such uniformed services. Id. at § 134(b)(1).

Only officers entitled to "basic pay" are entitled to allowances for quarters and subsistence. 37 U.S.C. §§ 402(a), 403a. Furthermore, the only officers entitled to "basic pay" are those on active duty or participating in full-time training. 37 U.S.C. § 204(a). Bynam is not on "active" duty nor is he engaged in full-time training. He also does not fulfill any of the other criteria that would entitle him to "basic pay." See 37 U.S.C. § 204(a). He is therefore not entitled to basic pay and consequently is not entitled to allowances for housing or subsistence. In

3

addition, Bynam points to no statutory provision that entitles former officers to a variable housing allowance.

Although we must find against Bynam, we sympathize with his situation. In a formal letter, the IRS told Bynam that he could claim this exclusion. After filing, Bynam was told the IRS (as well as his accountant) had been mistaken. Given the complexity of the tax code, it is not surprising that taxpayers often rely on the advice of the IRS when deciding their eligibility for deductions, exclusions, and exemptions. It is hoped that the IRS will be more careful when initially addressing taxpayer inquiries. Notwithstanding the IRS's mistake, however, the tax court's judgment is

AFFIRMED.